(92 South. 25)

### ST. JOHN v. STATE. (8 Div. 870.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied Oct. 4, 1921.)

**1. Criminal law ⬯1171(3)—That solicitor in argument attributed statement of fact to one witness which should have been attributed to another not ground for reversal.**

Where a fact has been testified to, the mere fact that the solicitor in argument attributes the statement to one witness when it should have been attributed to another is not prejudicial error, ground for reversal.

**2. Homicide ⬯157(3)—Evidence as to details of former difficulty properly excluded.**

In prosecution for murder, testimony as to the details of a former difficulty *held* properly excluded.

**3. Homicide ⬯158(1)—Defendant's conversation with witness during which defendant threatened to kill deceased held admissible.**

In homicide prosecution, testimony as to conversation between defendant and witness during which defendant had threatened to kill deceased *held* admissible independently of a predicate.

**4. Criminal law ⬯829(1)—Refusal of requested charges covered by charges given held not error.**

Refusal of requested charges covered by the charges given *held* not error.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

William St. John was convicted of murder in the second degree, and he appeals. Affirmed.

The person alleged to have been killed was Walter Lamb. The defendant admitted the killing, but claimed self-defense. L. W. Hopper appears to have been the only witness who was not related to either party who saw the killing. On cross-examination of Mrs. Lamb the defendant sought to show a difficulty between himself and Lamb a short time before the homicide, in which Lamb made threats against the defendant, and also to show the extent and magnitude of the difficulty. Over state's objection the defendant was permitted to ask its witness Castro concerning the conversation had with the defendant in which he was asked if St. John made any threats as to what he was going to do if Lamb interfered with him any more, and the witness was permitted to answer, "He said, if Mr. Lamb fooled with him any more, he would kill him."

Sample & Kilpatrick, of Hartselle, and Callahan & Harris, of Decatur, for appellant.

The court was in error in permitting the solicitor to attribute a statement to Hopper that he never made. 193 Ala. 12, 69 South. 533; 124 Ala. 106, 27 South. 320; 7 Ala. App. 61, 60 South. 959; 85 Ala. 11, 4 South. 730; 99 Ala. 236, 13 South. 575; 68 Ala. 476. The court erred in not permitting it to be shown that at any previous difficulty threats were made, and the nature and gravity of the difficulty. 17 Ala. App. 119, 82 South. 567; 16 Ala. App. 442, 78 South. 640; 11 Ala. App. 72, 66 South. 128; 63 Ala. 65.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] Insistence is made that this judgment should be reversed because the solicitor in his closing argument stated that the witness Hopper had testified that the defendant immediately after the murder said that he had done what he came down there to do. As a matter of fact this record discloses that the statement excepted to was not made by the witness Hopper, but by the witness Mrs. Lamb, the wife of the dead man. It has been frequently held by this court that, when the solicitor makes a statement in argument of a prejudicial nature, as a fact, when such fact is not in evidence, the appellate court for such error will reverse the judgment, provided in the opinion of the court the defendant was injured thereby. But, where the fact stated has been testified to, and therefore is in evidence, the mere fact that the solicitor, in argument, attributes the statement to one witness, when it should have been another, will not be grounds for reversal. This holding is not in conflict with Gibson's Case, 193 Ala. 12, 69 South. 533, nor with any other decision brought to our attention. The facts are in evidence, and, being in, are the subject of legitimate comment; as to which witness testified to the particular fact was before the jury, and they would know as to this. Any other conclusion would be a reflection on the intelligence of the jury and the jury system.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The questions propounded to Mrs. Lamb and to the wife of defendant seeking to prove the details of a former difficulty were properly disallowed. There are some cases where it is held that certain acts may be shown at the time of the making threats at the time of a prior difficulty as going to show the extent and magnitude of the difficulty, but no decision has ever said that details of a former difficulty might be gone into.

[3] The statement of defendant to the witness Castro was in the nature of a threat and was admissible independently of a predicate.

[4] In view of given charge 17 and the general instructions of the court in its oral charge, the refusal of written charges unnumbered on page 30 of the transcript, if error, were without injury to defendant.

The court in its oral charge and by written charges has fully covered the law as outlined in refused charges 3 and 11, and, while charge 3 is subject to criticism for other reasons, every proposition to which the defendant was entitled bearing on the subject embraced in the charges has been fully covered.

We find no error in the record, and the judgment is affirmed.

Affirmed.

